IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

Terence Terell Bryan, )
) Civil Action No. 5:11-2500-TLW-KDW
Petitioner, )
)
vs. ) REPORT AND RECOMMENDATION
)
SCDC, Warden Robert M. Stevenson, III, )
And/or Responsible Officials, )
)
Respondent. )
)

Petitioner, Terence Terell Bryan ("Petitioner" or "Bryan"), a state prisoner, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Respondent filed a return and motion for summary judgment. ECF Nos. 24, 25. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. ECF No. 26. Petitioner filed a motion to strike Respondent's motion for summary judgment, ECF No. 31, to which Respondent filed a response in opposition, ECF No. 32. Petitioner also filed a response in opposition to Respondent's motion for summary judgment. ECF No. 37. This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC, for a Report and Recommendation on Respondent's Return and Motion for Summary Judgment, ECF Nos. 24, 25, and Petitioner's Motion to Strike, ECF No. 31. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's motion for summary judgment be granted, and Petitioner's motion to strike be denied.

---

[1] Petitioner has named "Responsible Officials" as respondents; however, no such officials have been identified or served with the Petition. Therefore, to the extent Petitioner seeks to bring claims against "Responsible Officials" such claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2), (4), and (5).

I.      Factual and Procedural Background

Petitioner is currently confined in the South Carolina Department of Corrections ("SCDC"). On January 11, 2010, Sergeant Johnson observed Petitioner in the Kirkland infirmary holding cell with his penis exposed and masturbating, and filed an incident report. ECF No. 25-1. Petitioner was notified on January 20, 2010 of a disciplinary hearing on the offense. *Id.* At the hearing on January 28, 2010, the disciplinary hearing officer ("DHO") denied Petitioner's request for witnesses noting that Petitioner failed to name anyone for the counsel substitute to locate. *Id.* Petitioner was found guilty of the offense based on Sgt. Johnson's report and testimony and sanctioned with loss of canteen days, loss of phone and visitation privileges, disciplinary detention, loss of nine good time days, and with wearing a pink jumpsuit. *Id.*

Petitioner filed a Step 1 grievance on February 8, 2010, alleging that his due process rights were violated because he was denied the right to have witnesses present at the disciplinary hearing and the counsel substitute did not assist him in locating witnesses. ECF No. 25-2. The warden denied his appeal noting that Petitioner did not provide the names of witnesses so that counsel substitute could determine who should be contacted. *Id.* Petitioner filed a Step 2 grievance arguing that substitute counsel could have had his witnesses available by telephone for the hearing. ECF No. 25-3. The Step 2 grievance was denied on September 16, 2010. *Id.* The decision noted that the evidence presented at the hearing was sufficient to support the conviction, the sanctions were appropriate, and Petitioner was afforded due process rights. *Id.* The decision further noted that Petitioner did not provide the necessary information "to contact or interview unnamed alleged witnesses." *Id.*

On May 27, 2010, Petitioner was convicted of another disciplinary charge of exhibitionism and public masturbation from an incident that occurred on April 29, 2010. ECF No. 25-5. Petitioner was notified of the disciplinary hearing on May 18, 2010, and the hearing was held on May 27, 2010. *Id.* Lieutenant Failey reported that when she opened the food service flap on Petitioner's cell door to give Petitioner his supplies, she observed Petitioner standing at the door masturbating. ECF No. 25-5 at 2. At the hearing the DHO denied Petitioner's request for witnesses because Petitioner did not submit a request prior to the hearing. ECF No. 25-5. Petitioner was found guilty of the offense, and sanctioned with loss of canteen days, loss of phone and visitation privileges, disciplinary detention, and with wearing a pink jumpsuit. *Id.*

Petitioner filed a Step 1 grievance challenging the disciplinary conviction. ECF No. 25-6. The grievance was not processed because Petitioner "exceeded the timeframe to appeal." *Id.* On December 9, 2010, Petitioner filed a Notice of Appeal with the South Carolina Administrative Law Court ("SCALC"), listing the grievances related to the January 2010 and the May 2010 disciplinary convictions.[2] ECF No. 25-7. The SCALC dismissed Petitioner's appeal on February 10, 2011, for failure to exhaust administrative remedies. ECF No. 25-8. Petitioner subsequently filed a Notice of Appeal with the South Carolina Court of Appeals that was dismissed for failure to provide the necessary filing fee. ECF No. 25-9. After considering Petitioner's motion to proceed *in forma pauperis* and motion to reinstate, the Court of Appeals denied Petitioner's motion to reinstate his appeal. ECF No. 25-10. Noting Petitioner's failure to petition for certiorari, the Court of Appeals remitted Petitioner's appeal to the SCALC on July 25, 2011.

---

[2] Petitioner previously appealed his Step 1 grievance related to the January 2010 disciplinary conviction to the SCALC before exhausting his administrative remedies. The SCALC dismissed the appeal, without prejudice, on September 15, 2010. *See* Order of Dismissal, ECF No. 25-4.

ECF No. 25-11. Petitioner then filed the instant Petition for Writ of Habeas Corpus on September 19, 2011.[3] ECF No. 1.

II.     Discussion

   A.   Federal Habeas Issues

Petitioner raises the following issues in his federal petition[4] for a writ of habeas corpus, quoted verbatim:

> Due process were identically violated by a common practice of: (1) counsel substitute refusing to ensure witness(es) presence, (2) the DHO denying witness(es) presence without justifiable reason (only as common practice), (3) the DHO inhibiting Petitioner from presenting a completed defense, & 4) the warden not finalizing &/or Petitioner given the opportunity to appeal the (Warden's) final decision, depriving Respondent of jurisdiction to impose sentence.

Pet. ¶ 25, ECF No. 1.

   B.   Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If a movant asserts that a fact cannot be disputed, it must support that

---

[3] Petitioner did not distinguish whether he brought this action pursuant to 28 U.S.C. § 2254 or 28 U.S.C. § 2241. The court notes that while challenges to prison disciplinary actions and calculations of good time credits may be petitioned under § 2241, some authority provides that "state prisoners who seek federal habeas relief must proceed under § 2254." *Tippett v. McCall*, C/A No. 1:09-593-HMH-SVH, 2011 WL 441942, at *2 (D.S.C. Feb. 7, 2011); *see also Medberry v. Crosby*, 351 F.3d 1049 (11th Cir. 2003) (discussing legislative history of federal habeas corpus).

[4] Petitioner did not submit his petition on the standard form document, but instead submitted a handwritten brief.

4

assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id*. at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

    C.    Habeas Corpus Standard of Review

        1.    Generally

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the

underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410. Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Petitioner is seeking habeas relief from a decision of the prison's disciplinary board. "Habeas corpus is the appropriate mechanism for a state prisoner to challenge 'the fact or duration of his confinement,' which includes the loss of good time credits." *Lindsey v. McKie*, C/A No. 9:11-695-MBS, 2012 WL 932017, at *4 (D.S.C. Mar. 19, 2012) (citing *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005); *Preiser v. Rodriguez*, 411 U.S. 475 (1973)). "Before a prisoner may be deprived of a protected liberty interest in good time credits, he must be given some procedural protection. This includes '(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.' Additionally, 'some evidence' must support the decision by prison officials to revoke good time credits. *Lindsey*, 2012 WL 932017 at *5, (citing *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454-55 (1985)).

"The 'some evidence' standard is a lenient one, requiring no more than 'a modicum of evidence' and is met if there is any evidence in the record that could support the decision." *Soliz v. Drew*, No. 8:11-cv-00562-MBS-JDA, 2012 WL 1825237, at *8 (D.S.C. Apr. 16, 2012) (citing *Superintendent, Mass. Corr. Inst.*, 472 U.S. at 456).

### 2. Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id*. The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require that a habeas petitioner first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

#### a. Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—
>
>     (A) the applicant has exhausted the remedies available in the courts of the State; or
>
>     (B) (i) there is an absence of available State corrective process; or

>   (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

A state prisoner must use SCDC's hearing and grievance procedure to challenge a "disciplinary outcome, calculation of sentence-related credits, custody status, or other condition of imprisonment." *Al-Shabazz v. State*, 527 S.E.2d 742, 753 (S.C. 2000). An inmate may seek review of [SCDC's] final decision by an administrative law judge ("ALJ") in the SCALC. "The ALJ sits in an appellate capacity to review [SCDC] decisions." *Al-Shabazz,* 527 S.E.2d at 754. To obtain judicial review of the ALJ's final decision, the inmate may file an appeal with the

South Carolina Court of Appeals and then with the South Carolina Supreme Court.[5] S.C. Code Ann. § 1-23-610, Rule 242, SCACR.

        b.      Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. As the Supreme Court explains:

---

[5] The South Carolina Supreme Court has determined that "in all appeals from criminal convictions or post-conviction relief matters, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error." *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief*, 471 S.E.2d 454 (S.C. 1990). The instant case does not involve a criminal conviction or PCR matter; therefore, Petitioner must have petitioned for certiorari from the South Carolina Supreme Court to fully exhaust his state remedies.

> . . . [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10-11 (1984).

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule[,]" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith v. Murray*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 23, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *See Matthews v. Evatt*, 105 F.3d at 915 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Teague v. Lane*, 489 U.S. 288, 297-98 (1989); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

### 3. Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and

actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. at 495-96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor that hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id*. Absent a showing of cause, the court is not required to consider actual prejudice. *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

    D.    Analysis

        1.    Procedurally-Barred Grounds

Petitioner asserts that he was denied due process in his disciplinary hearing. "The touchstone of due process is protection of the individual against arbitrary action of government." *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974). Respondent argues that Petitioner failed to exhaust his administrative remedies because he did not appeal to the highest state court before proceeding with this petition. Resp't's Br. at 9, ECF No. 25.

As an initial matter, even if it were not procedurally barred, Petitioner cannot show a constitutional violation related to the April 29, 2010 incident and subsequent May 27, 2010 disciplinary hearing as Petitioner was not deprived good time credits for that infraction. Because there is no challenge to the length of Petitioner's confinement, he cannot proceed under a writ of habeas corpus. *Cf. Preiser*, 411 U.S. at 500 (holding that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination

that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.")

"The due process procedures required by *Wolff* and its progeny are not required unless the challenged discipline 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Pierre v. Ozmint*, C/A No. 3:09-226-CMC-JRM, 2010 WL 679946, at *6 (D.S.C. Feb. 24, 2010) (quoting *Sandin v. Conner*, 515 U.S. 472, 483 (1995)). If Petitioner is attempting to assert due process claims for the other imposed sanctions (loss of canteen days, loss of telephone and visitation privileges, disciplinary detention and wearing of pink jumpsuit), his claim also fails. *See id.* at *6-7 (finding no constitutionally recognized liberty interest in custody placement, making telephone calls, visitation, or canteen access).

The January 2010 incident did involve a loss of good time credits. Therefore, that claim is properly before the court in a habeas petition. However, although Petitioner filed the appropriate grievances with SCDC, the SCALC, and the South Carolina Court of Appeals, he did not file a Petition for Writ of Certiorari with the South Carolina Supreme Court as required by the South Carolina Administrative Procedures Act and the South Carolina Appellate Court Rules. S.C. Code Ann. § 1-23-610; Rule 242, SCACR. Accordingly, the undersigned concludes that Petitioner failed to exhaust his state remedies as required.

In *Kornahrens v. Evatt*, the Fourth Circuit Court of Appeals stated that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. *See Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995). The court noted that it is always tempting to discuss the merits as an alternative reason for a conclusion, but that once a court finds an issue to be procedurally barred, all discussion that follows is dicta. *See Karsten v. Kaiser Found. Health*

*Plan*, 36 F.3d 8, 11 (4th Cir. 1993). Therefore, once a court has determined that a claim is procedurally barred, it should not stray into other considerations. Accordingly, the undersigned will not discuss the merits of the claims raised in the Petition as the claims are procedurally barred.

Additionally, Petitioner has not shown sufficient cause and prejudice to excuse the default. In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Petitioner has failed to meet this burden. Thus, these issues are procedurally barred from consideration by this court and should be dismissed. *Id.*; *see* 28 U.S.C. § 2254; *Murray v. Carrier*, 477 U.S. 478 (1986); *Wainwright v. Sykes*, 433 U.S. at 88-91; *Rodriguez v. Young*, 906 F.2d 1153, 1159 (7th Cir. 1990) ("Neither cause without prejudice nor prejudice without cause gets a defaulted claim into federal court.").

Petitioner fails to articulate cause for procedurally defaulting on his grounds instead arguing, incorrectly, that "a writ to the state Supreme Court is not mandatory but discretionary." ECF No. 37 at 3. Petitioner cannot establish cause and prejudice because he abandoned his opportunity to preserve his claim. Nor can Petitioner establish a fundamental miscarriage of justice will occur if his claim is not considered. *See Wainwright*, 433 U.S. 23; *Murray v. Carrier*, 477 U.S. 478 (1986); *Rodriguez*, 906 F.2d at 1159 (finding a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent") (citing *Murray v. Carrier*, 477 U .S. at 496)).

As Petitioner's Petition is procedurally barred from consideration by the court, it should be dismissed.

### 2. Petitioner's Motion to Strike

Petitioner filed a motion to strike, arguing that Respondent was retaliating against him for petitioning the court, and therefore Respondent should be punished. *See* ECF No. 31. Petitioner has provided no evidence substantiating his allegations, nor has Petitioner indicated that he sought relief through the proper channels within SCDC. As the court has determined that Petitioner's habeas claims are procedurally-barred, the motion to strike is moot.

## IV. Conclusion

Accordingly, for the foregoing reasons, the court recommends that Respondent's motion for summary judgment, ECF No. 24, be GRANTED, Petitioner's motion to strike, ECF No. 31, be DENIED, and the habeas petition be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

*[Signature]*

June 15, 2012  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**